IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville January 24, 2024

**MICKEY EDWARDS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 12-05547    Chris Craft, Judge**

_____

**No. W2023-00653-CCA-R3-PC**
_____

The Petitioner, Mickey Edwards, appeals from the denial of his petition for post-conviction relief for his jury trial convictions for four counts of aggravated burglary, four counts of theft of property, identity theft, and fraudulent use of a credit card, for which he is serving an effective sixty-year sentence.  On appeal, he contends that the post-conviction court erred in denying relief on his ineffective assistance of counsel claim related to trial counsel's lack of objections to instances of alleged prosecutorial misconduct.  He also alleges a free-standing claim that he was denied a fair trial due to the alleged prosecutorial misconduct.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TOM GREENHOLTZ and KYLE A. HIXSON, JJ., joined.

Mickey Edwards, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Steve Mulroy, District Attorney General; Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions relate to a series of residential burglaries, theft from a delivery person of a package addressed to one of the burglary victims, and related offenses the Petitioner committed in June and November 2011.  *See State v. Mickey Edwards*, No. W2014-00987-CCA-R3-CD, 2015 WL 5169110, at *1-12 (Tenn. Crim. App. Aug. 27, 2015, *perm. app. denied* (Tenn. Dec. 11, 2015).  On appeal of his convictions, he argued that the trial court erred in denying a motion to suppress evidence seized when he was arrested, that the court erred in denying his motion for a severance, that the court erred in

admitting evidence of his prior convictions, and that the evidence was insufficient to support his convictions. *Id.* at *1. This court affirmed, and the supreme court denied his Rule 11 application. *Id.*

This case has a protracted procedural history. The Petitioner filed a pro se post-conviction petition. Post-conviction counsel was appointed. The Petitioner became dissatisfied with appointed counsel, and he retained private counsel. Various amended petitions were filed, and an initial evidentiary hearing was conducted. The post-conviction court adjourned the matter in order for the Petitioner to obtain medical records, which the record reflects was a lengthy process, and the COVID-19 pandemic caused additional delays. The record reflects, as well, that the Petitioner had health issues during the pendency of the case. The court received evidence at additional hearings. The Petitioner became dissatisfied with his retained counsel, and the Petitioner sought and the court granted the Petitioner's request to proceed pro se. The court appointed advisory counsel. After the Petitioner filed additional amended petitions, which the court viewed as repetitive of previous filings, the Petitioner agreed for the documents to be considered as written arguments. Subpoenaed medical records were received as exhibits, and documents authored by the Petitioner were also received as exhibits and considered as his closing argument. Upon consideration of the evidence and the arguments before it, the court denied relief on each of the Petitioner's numerous ineffective assistance of counsel claims and concluded that a trial-related evidentiary issue had been previously determined. The Petitioner has waived his right to appellate counsel and continues to represent himself in the present appeal.

The Petitioner raised numerous ineffective assistance of counsel allegations in his petition and amended petitions. The issues raised in this appeal are limited to alleged prosecutorial misconduct in closing argument, related to the prosecutor's arguments that the evidence demonstrated the Petitioner's guilt, and to trial counsel's lack of objections to the alleged misconduct. Accordingly, we focus our review of the post-conviction evidence to the facts relevant to the issues raised on appeal and briefly summarize other matters presented at the numerous hearings.

The Petitioner was represented at the trial by two attorneys from the public defender's office. At the first post-conviction hearing, which was held on June 1, 2018, trial counsel testified that she met with the Petitioner and co-counsel on several occasions. She said the Petitioner was the only defense witness who testified at the trial. She said getting the Petitioner to testify in question-and-answer format, rather than in narrative form, was challenging.

Co-counsel testified that he had represented the Petitioner previously. Co-counsel said the Petitioner was a "difficult" and "opinionated" client with mental health issues who, though competent, did not have a realistic view of the case and "doesn't really listen to his

lawyers very much." Co-counsel said that the crimes in the present case had been "well orchestrated, well planned, well executed . . ., [and] clearly done for profit" and that the State had a strong case against the Petitioner, a career offender.

Co-counsel said that, although trial counsel had been a less experienced attorney, trial counsel had prepared the case thoroughly and had consulted with other attorneys in the public defender's office in anticipation of the trial. Co-counsel said he assisted and supervised trial counsel at the trial and that she did an excellent job in defending the Petitioner. Co-counsel said he prompted trial counsel to object during the trial a couple of times. He did not identify the subject of those objections. Co-counsel said that he represented the Petitioner at the sentencing hearing and that, ultimately, the Petitioner received a more favorable sentence than the plea offer which had been extended before the trial. Co-counsel said the district attorney had taken a personal interest in the case due to her familiarity with some of the victims.

Neither trial counsel nor co-counsel were questioned at this hearing about their objections, or lack thereof, during the State's closing argument.

The post-conviction court held a second hearing on December 17, 2018, at which the Petitioner testified about his communications with trial counsel and co-counsel and his complaints about trial counsel's representation related to suppression, severance, and evidentiary issues. Despite co-counsel's assurances about trial counsel's abilities, the Petitioner thought trial counsel was ineffective because she was inexperienced. The Petitioner said he had no complaints about his appellate counsel.

The Petitioner testified that he had been diagnosed as paranoid schizophrenic in approximately 2002 and that he had not been taking his prescribed psychiatric medication at the time of the crimes. He said he had been using cocaine. He said he had received mental health treatment during his incarceration after he was convicted and that he had taken psychiatric medication for part of the time that he was in pretrial confinement but stopped due to the side effects.

During the Petitioner's testimony, he repeated words and phrases in incomplete sentences, and he remained focused on issues related to the questions of severance and the admissibility of other acts evidence pursuant to Tennessee Rule of Evidence 404(b). The post-conviction court perceived that the Petitioner was reciting memorized words that did not constitute sentences and repeatedly advised the Petitioner to testify about facts and to speak in sentence form. The court told the Petitioner on several occasions to move on to any other issues he wanted to present, but the Petitioner remained focused on the severance and Rule 404(b) issues. Notably, the Petitioner did not testify about any complaints he had with a lack of objections by trial counsel and co-counsel to the State's closing argument.

The post-conviction court conducted a third hearing on February 22, 2019, at which the court received the Petitioner's mental health records.

On April 30, 2021, the post-conviction court held another hearing, at which the Petitioner testified about additional complaints with trial counsel and co-counsel. The Petitioner said trial counsel failed to object to the prosecutor's stating in opening statement and in closing argument that the Petitioner was guilty. The Petitioner said the trial court admonished the prosecutor about the statement the Petitioner was guilty. The Petitioner said that the prosecutor made the statement five times and that his attorneys did not object. The Petitioner said the prosecutor made a propensity evidence argument based upon factual similarities in the modus operandi of the charged offenses. He said no prosecutorial misconduct issue was raised on appeal. He acknowledged that the court had denied trial counsel's motion for a severance.

After the parties submitted written arguments, the post-conviction court held a hearing on September 21, 2021, in order to receive the parties' oral arguments.

The Petitioner began representing himself pro se, and he filed additional amendments to the petition. On July 1, 2022, the post-conviction court held another hearing, at which the court permitted the Petitioner to recall trial counsel as a witness.[1] Trial counsel testified that she did not object during the prosecutor's closing argument because she did not think prosecutorial misconduct occurred. Trial counsel agreed that she had not included prosecutorial misconduct in the motion for a new trial because she had not thought misconduct occurred. Trial counsel explained, "I guess my thinking was that because the severance motion had been denied, that those arguments were ruled permissible and [the prosecutor] was able to do that and that's why I didn't make a contemporaneous objection at trial." Trial counsel did not recall anything to which she should have objected in the prosecutor's opening statement.

The post-conviction court held another hearing on February 24, 2023, at which it questioned the Petitioner about additional documents the Petitioner had mailed to the court. The Petitioner agreed for the court to treat the documents as additional closing argument.

In an April 17, 2023 written order, the post-conviction court denied relief. As relevant to this appeal, the court found that the prosecutor mentioned the word "guilty" or "guilt" seven times in her initial closing argument and the word "guilty" once in her final argument. The court found, "All the conclusions the prosecutor stated to the jury in her closing arguments were based on her review of reasonable inferences to be drawn from the evidence made immediately prior to making those statements." The court found that the

---

[1] The court noted that trial counsel had been unavailable to testify at a previous hearing.

prosecutor's arguments were "temperate, . . . based upon evidence introduced at trial, and . . . pertinent to the issues being tried." *See Coker v. State*, 911 S.W.2d 357, 368 (Tenn. Crim. App. 1995). The court determined that the prosecutor's arguments were "conclusions based upon inference supported by evidence in the record." *See State v. Brown*, 836 S.W.2d 530, 552-53 (Tenn. 1992). Thus, the court concluded that no objectionable prosecutorial misconduct occurred. The court found that trial counsel and co-counsel had not performed deficiently by not objecting and that the Petitioner had not shown prejudice from the lack of objection. The court concluded that the Petitioner failed to prove his ineffective assistance of counsel claim relative to lack of objections to alleged prosecutorial misconduct during closing argument.

On appeal, the Petitioner contends that he was denied a fair trial due to the alleged prosecutorial misconduct during closing argument and that the post-conviction court erred in denying relief in his ineffective assistance of counsel claim based upon counsel's lack of objection to the alleged prosecutorial misconduct. The State responds that the court properly denied relief. We agree with the State.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases."

*Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The record reflects that the post-conviction court considered the record from the Petitioner's conviction proceedings. We have reviewed the transcript of the closing and rebuttal arguments from the prior appellate record. *See* Tenn. R. Evid. 201(b), (c) (judicial notice). The post-conviction court found that the prosecutor summarized the trial evidence and that the prosecutor had argued that the evidence supported findings of guilt of the charged offenses.

Although an exhaustive list of the bounds of prosecutorial impropriety cannot be defined, five general areas of prosecutorial misconduct have been recognized:

1. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

2. It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant. *See State v. Thornton*, 10 S.W.3d 229, 235 (Tenn. Crim. App. 1999); *Lackey v. State*, 578 S.W.2d 101, 107 (Tenn. Crim. App. 1978); Tenn. Code of Prof'l Responsibility DR 7–106(c)(4).

3. The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury. *See* [*State v.*] *Cauthern*, 967 S.W.2d [726,] 737 [Tenn. 1994]; *State v. Stephenson*, 878 S.W.2d 530, 541 (Tenn. 1994).

4. The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict. *See Cauthern*, 967 S.W.2d at 737; *State v. Keen*, 926 S.W.2d 727, 736 (Tenn. 1994).

5. It is unprofessional conduct for a prosecutor to intentionally refer to or argue facts outside the record unless the facts are matters of common public knowledge.

STANDARDS RELATING TO THE PROSECUTION FUNCTION AND THE DEFENSE FUNCTION §§ 5.8–5.9 Commentary (ABA Project on Standards for Criminal Justice, Approved Draft 1971).

*State v. Goltz*, 111 S.W.3d 1, 6 (Tenn. Crim. App. 2003).

Regarding her lack of objection to the prosecutor's closing arguments, trial counsel testified that she did not perceive any prosecutorial misconduct. Upon its review of the trial record, the post-conviction court concluded that the prosecutor's arguments summarizing the evidence and inviting the jury to infer guilt therefrom did not constitute prohibited prosecutorial misconduct. The court found, as well, that trial counsel and co-counsel had not performed deficiently in declining to object to this argument because no basis existed for the court to sustain the objection in the absence of misconduct and that the Petitioner was not prejudiced by the lack of objection. The evidence does not preponderate against the court's factual findings regarding the lack of deficient performance and prejudice. Likewise, the court's findings support its conclusion that the Petitioner failed to carry his burden of proving his ineffective assistance of counsel claim based upon the lack of objection to closing arguments. The court did not err in denying relief based on this ineffective assistance of counsel claim.

To the extent that the Petitioner has raised a free-standing constitutional claim that he was denied his right to a fair trial due to prosecutorial misconduct, we conclude that the issue is waived because he failed to present it in his appeal of the convictions. *See* T.C.A. § 40-30-106(g) (2018) (providing that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented," with limited exceptions); *see Jeffrey Boyd Trusty v. State*, No. M2012-01128-CCA-R3-PC, 2013 WL 5883813, at *16 (Tenn. Crim. App. Oct. 31, 2013) (holding that the post-conviction petitioner's free-standing constitutional claim related to alleged prosecutorial misconduct was waived for failure to present it in the appeal of the convictions), *perm. app. denied* (Tenn. Mar. 11, 2014).

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE